Dear Representative Dupre:
You have requested an opinion of this office concerning commercial fishing licenses fees for "alien individuals" as a result of the passage of Act No. 177 of 1999.
Act No. 177 of 1999 amends the definitions of "bona fide resident" and "nonresident" to be exclusively citizens of the United States, and further defines "alien individual" as a person not a United States citizen. Furthermore, Act No. 177 of 1999 enacts La. R.S.56:301.2(B) to require "alien individuals" pay double the commercial license fees for a "nonresident" license.
As a consequence of the above, you question whether the Department of Wildlife Fisheries can constitutionally discriminate against resident aliens by requiring double the fee for similarly situated United States citizens.
This office has no authority to declare a particular statute as being unconstitutional, which is distinctly a judicial function. While acts of the Legislature are presumed to be constitutional, La. R.S. 56:301.2(B) would be subject to strict judicial scrutiny if challenged as being in violation of the Equal Protection Clauses of Article 1, Section 3, Louisiana Constitution of 1974, and the Fourteenth Amendment of the United States Constitution.
It is well settled that both citizens and aliens are entitled to equal protection of the laws of the state in which they reside. Under traditional equal protection standards, a state may treat classes of people differently as long as the classification has a reasonable basis; but classifications based on alienage are subject to the heightened standard of strict judicial scrutiny. See: Graham v. Richardson, 403 U.S. 365 (1971).
The United States Supreme Court has developed an exception to the rule that classifications based on alienage call for strict judicial scrutiny. This so called "political function" exception applies to state laws that deal with matters relating to the operation of the state as a governmental entity, as well as the qualifications of an appropriately designated class of public offices. See: Cabell v. Chavez-Salido, 454 U.S. 432 (1982). This exception would have no application to the act under question; and, thus, La. R.S. 56:301.2(B) would be subject to the demanding standard of strict judicial scrutiny.
In order to withstand the stringent requirements of strict scrutiny, La. R.S. 56:301.2 (B) must be shown to advance a "compelling" state interest by the least restrictive means practically available. See: Bernal vs. Fainter, 467 U.S. 216
(1984).
We hope that the above will be of assistance to you in this matter.
Very truly yours
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:
 ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp